negotiate a different plea agreement that would not have resulted in automatic deportation.

In light of this determination, we do not reach defendant's challenges to the voluntariness and fundamental fairness of his plea, and his claim that his sentence was unconstitutionally harsh. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.

■ In the Matter of MAHAMADOU H., a Person Alleged to be a Juvenile Delinquent, Appellant. [951 NYS2d 868]—

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning identification and credibility, including its finding that the victim had a sufficient opportunity to observe appellant and make a reliable identification. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL GUTIERREZ, Appellant. [953 NYS2d 179]—

Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.

■ IGS REALTY Co., L.P., Respondent, v JAMES CATERING, INC., Doing Business as LOFT ELEVEN, Appellant. IGS REALTY Co., L.P., Respondent, v WEST SIDE LOFT AT 37TH STREET, INC., Appellant. IGS REALTY Co., L.P., Respondent, v LOFT ELEVEN INC., Appellant. WEST SIDE LOFT, INC., et al., Appellants, v IGS REALTY Co. et al., Respondents. IGS REALTY, Co., L.P., Respondent, v JAMES H. BRADY, Appellant. [952 NYS2d 162]—